IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GAVIN MCCUTCHEN, As Personal Representative**
of the Estate of **TIERRA BRUCE,**

    **Plaintiff,**

v.                                                    **Case No.** 1:21-cv-1155

**REDBURN TIRE COMPANY,**

    **Defendant.**

## NOTICE OF REMOVAL

COMES NOW Redburn Tire Company ("Redburn"), by and through its counsel, Lewis Brisbois Bisgaard & Smith LLP (Gregory L. Biehler), and pursuant to the provisions of 28 U.S.C. §1441, hereby removes Cause Number D-1116-CV-2021-00962, filed in the Eleventh Judicial District Court, County of San Juan, State of New Mexico. As grounds for removal, Defendant Redburn states the following:

**I.  INTRODUCTION AND BACKGROUND**

1. On September 10, 2021, Plaintiff filed his Complaint alleging negligent supervision, wrongful death, wrongful termination, and violation of civil rights.

2. Pursuant to 28 U.S.C. § 1446(b) this Notice of Removal is timely as Defendant Redburn Accepted service of the Complaint, waving formal service of process, on November 11, 2021.

3. Pursuant to 28 U.S.C. § 1332, this action is removable as the amount in controversy exceeds seventy-five thousand dollars ($75,000) as Plaintiff alleges damages for wrongful death, and because there is complete diversity of citizenship of the parties.

**Diversity of Citizenship Exists Between the Parties**

4. Plaintiff is a resident of the State of New Mexico. *Paragraph 2 of Complaint.*

5. Redburn Tire Company is incorporated and domiciled in the State of Arizona with none of its officers being residents of the state of New Mexico.

6. Attached hereto as Exhibit A are the pleadings filed to date in the state court action:

Complaint, filed 9/10/2021;

Jury Demand – 6 person, filed 9/10/2021;

Acceptance of Service on Behalf of Redburn Tire, filed 11/11/2021; and

Entry of Appearance on Behalf of Redburn Tire, filed 11/11/2021

.

>  Respectfully submitted,
>
>  LEWIS BRISBOIS BISGAARD & SMITH LLP
>
>  By: */s/ Gregory L. Biehler*
>  Gregory L. Biehler
>  8801 Horizon Blvd. NE, Suite 300
>  Albuquerque, NM  87113
>  Tel:  (505) 828-3600 / Fax: (505) 828-3900
>  Greg.Biehler@lewisbrisbois.com
>  *Attorneys for Defendant Redburn Tire Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the court this 3rd day of December, 2021, causing all counsel of record to be electronically served.

>  */s/ Gregory L. Biehler*
>  GREGORY L. BIEHLER

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
9/10/2021 12:53 PM
WELDON J. NEFF
CLERK OF THE COURT
Frances Slavey

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT COURT

**GAVIN MCCUTHCEN, As Personal Representative
of the Estate of TIERRA BRUCE,**

    *Plaintiff,*

v.                                                                Case No. D-1116-CV-2021-00962

**REDBURN TIRE COMPANY.**

    *Defendant.*

### NOTICE OF APPEAL AND COMPLAINT FOR NEGLIGENT SUPERVISION, WRONGFUL DEATH, WRONGFUL TERMINATION AND VIOLATION OF CIVIL RIGHTS

COMES NOW, Plaintiff, by and through counsel, J. Corey Stackhouse of the Burns Law Group, P.C., hereby and respectfully bring this Complaint against the above-listed Defendants, alleging the following:

### JURISDICTION AND VENUE

1. This is an action brought pursuant to the common law of the state of New Mexico and pursuant to the New Mexico Human Rights Act, NMSA §28-1-1, et seq. (hereinafter referred to as the "HRA"). The jurisdiction of the court is invoked to secure compensatory and punitive damages and other relief as allowed by law for damages arising from employment discrimination, sexual harassment, battery, retaliation and wrongful termination.

2. Plaintiff, Gavin Bruce (hereinafter referred to as "Plaintiff") is a resident of San Juan County, New Mexico.

3. Plaintiff has been appointed as Personal Representatives of the Estate of Tierra Bruce

(herein after referred to as "Bruce).

4. Defendant Redburn Tire Company (hereinafter "Redburn") is a corporation doing business in San Juan County, New Mexico.

5. At all times material hereto, Bruce was an employee and employed by Redburn within the meaning of NMSA §28-1-2(E).

6. At all times material hereto, Defendant Redburn was an employer within the meaning of the NMSA §28-1-2(B).

7. The unlawful employment practices alleged herein arise from Bruce's employment with Defendant Redburn thereby conferring jurisdiction and venue over the parties and subject matter hereto in this court.

8. Bruce filed a written charge of discrimination with the New Mexico Human Rights Division alleging that Defendant Redburn committed one or more unlawful discriminatory practices within the state of New Mexico as defined by NMSA §28-1-7.

9. On June 14, 2021, Plaintiff received a Letter of Determination-No Probable Cause from the New Mexico Human Rights Division.  Plaintiff has therefore exhausted administrative remedies under the HRA.

10. This complaint has been timely filed within ninety (90) days of receipt of the Letter of Determination.

11. The court has jurisdiction over the parties and subject matter hereto pursuant to NMSA §28-1-13, and Article VI, Section 13 of the Constitution of the State of New Mexico. Venue is proper pursuant to NMSA §28-1-13 and §38-3-1(A).

## FACTUAL ALLEGATIONS

12. Bruce began her employment with Redburn, working as a Commercial Sales Representative, on or around June 1, 2017.

13. Redburn owed to Bruce duties associated with the employee/employer relationship.

14. Bruce's supervisor was Brad Romero.

15. By virtue of his greater experience, and training, Brad Romero supervised the work of Bruce and had the authority to affect the terms and conditions of Bruce's employment with Redburn.

16. On October 22, 2019, Bruce met with a Redburn representative to complain about harassment and inappropriate conduct by her supervisor, Brad Romero.

17. Bruce reported to Redburn that Brad Romero had forced her to perform unwanted sexual acts (sexual battery), including unwanted touching and performing acts of fellatio during the course of her employment with Redburn. Bruce additionally reported that Brad Romero had repeatedly made lewd and aggressive comments to her about her appearance.

18. Bruce reported three specific instances of Brad Romero's prior conduct to Redburn. Bruce informed Redburn that on September 14, 2017, while traveling in a vehicle in the course of her employment, Brad Romero pulled the vehicle to the side of the road and propositioned her for sex. On January 24, or 25, 2018 Brad Romero put his hands into the front of Bruce's pants while traveling in a vehicle. Upon returning to the office, Brad Romero waited for Bruce outside of the bathroom and pressured her to perform fellatio on him in the meeting room. In September of 2018, while in a vehicle with Brad Romero, Romero produced a handgun and placed it on the dashboard, before instructing Bruce to

perform fellatio.

19. Bruce did not immediately report the unwanted sexual acts and harassment to Redburn as she feared that reporting the incidents would have repercussions to her employment given Brad Romero's superior standing at Redburn.

20. Redburn failed to conduct a bona fide investigation into Bruce's report, failed to report the sexual battery to any third-party agencies authorized to conduct an independent investigation of the sexual battery, failed to discipline Brad Romero, and failed to provide appropriate assistance to Bruce.

21. Redburn subsequently gave Bruce the option of terminating her employment or being transferred to a new location.

22. Bruce was terminated by Redburn on November 30, 2019, for refusing to accept a transfer.

23. As a direct and proximate result of the forgoing actions or failures to act by Redburn, Bruce's career as a Commercial Sales Representative was irreparably injured, causing her loss of substantial past and future wages.  Bruce's reputation was injured.  Bruce suffered significant personal injury and emotional distress, incurred medical expense for the diagnosis and treatment thereof, and suffered other general damages for which there should be compensation.

## Count I
## NEGLIGENT SUPERVISION

24. Plaintiff incorporates the above allegations as though fully set forth herein.  Plaintiff further alleges:

25. By virtue of its operation of a business, Defendant owed to Bruce several duties,

including but not limited to the following:

a. The duty to adequately train, supervise, investigate, and discipline its employees to prevent harm to others;

b. The duty to protect its employees from harm arising from and incident to their employment;

c. The duty to ensure that all supervisors maintain appropriate professional behavior while working with other employees;

d. The duty to promote employment free of sexual harassment, discrimination and retaliation, and to investigate allegations of sexual harassment and sexual misconduct committed by its employees against others;

e. The duty to ensure that its employees are qualified and fit for the positions with which they are entrusted.

26. Defendant breached its duty to Bruce by failing to protect Bruce from the sexual battery committed by her supervisor Brad Romero; failing to adequately investigate Bruce's report of sexual battery by Brad Romero after being informed of its occurrence; by failing to report the sexual battery to other entities, authorized to investigate the sexual battery, once reported to it; by failing to discipline Brad Romero for the sexual battery committed against Bruce; and by punishing and retaliating against Bruce for reporting the sexual battery.

27. Defendant's actions were willful and taken with deliberate and callous indifference to the rights of Bruce, such that punitive damages are appropriate.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendants awarding damages in a sufficient amount to compensate for Bruce's

damages; that punitive damages be awarded in an amount sufficient to deter Defendant, and others likewise inclined, from similar actions in the future; for Plaintiff's costs; and any such other and further relief as the Court deems just and proper.

**COUNT II**
**WRONGFUL DEATH**

28. Plaintiff incorporates the above allegations as though fully set forth herein.

29. As a proximate result of the negligence of Defendant, Bruce sustained damages that include, but are not limited to, medical expenses, emotional distress, pain and suffering, loss of enjoyment of life, wrongful death and loss of chance.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgement in their favor and against Defendants as follows; award Plaintiff for Bruce's lost wages and actual damages in an amount to be proven at trial; and any such other and further relief as the Court deems just and proper.

**Count III:**
**WRONGFUL TERMINATION**

30. Plaintiff incorporates the above allegations as though fully set forth herein.

31. Bruce communicated to Redburn her good faith belief that the sexual battery by Brad Romero constituted an unlawful or improper act.

32. Redburn retaliated against Bruce making an unreasonable demand that she transfer to a new work location or be terminated, and constructively and/or actually discharged Bruce from her employment.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgement in their favor and against Defendants as follows; award Plaintiff for Bruce's actual and special damages, lost wages and any such other and further relief as the Court deems just and proper.

**Count IV**
**VIOLATIONS OF THE NEW MEXICO HUMAN RIGHTS ACT**

33. Plaintiff incorporates the above allegations as though fully set forth herein. Plaintiff further alleges:

34. Defendant committed an unlawful practice in violation of NMSA §28-1-7(A) by subjecting Bruce to adverse terms and conditions of employment based on her sex when it:

   a. Committed or aided and abetted the commission of sexual battery;

   b. Failed to adequately investigate Bruce's complaint of sexual battery and thereafter failed to take reasonable, necessary and appropriate action against Brad Romero;

   c. Failed to provide Bruce with appropriate leave and other accommodations for the treatment of medical conditions caused by the sexual battery and otherwise retaliated against Bruce; and

   d. Discharged Bruce on or about November 30, 2019.

35. Defendant committed an unlawful practice in violation of NMSA §28-1-7(I) of the New Mexico Human Rights Act by retaliating against Bruce for her reports of the sexual battery and by discharging Bruce on or about November 30, 2019.

36. The actions of Redburn were intentionally committed for the purpose of depriving Bruce of rights guaranteed and protected by the New Mexico Human Rights Act.

   WHEREFORE, Plaintiff respectfully requests that this Court enter judgement in their favor and against Defendants as follows; award Plaintiff for Bruce's lost wages and actual damages in an amount to be proven at trial to compensate for injuries suffered by Defendant's intentional discrimination and retaliation against Bruce; and any such other and

further relief as the Court deems just and proper.

                              Respectfully Submitted

                              BURNS LAW GROUP

                              */s/ J. Corey Stackhouse*
                              J. Corey Stackhouse
                              Attorney for Plaintiff
                              100 W. Apache Street
                              Farmington, NM  87401
                              (505) 516-1529 / Fax (505) 672-7764

|  |  |
|---|---|
| STATE OF NEW MEXICO<br>COUNTY OF SAN JUAN<br>ELEVENTH JUDICIAL DISTRICT COURT | FILED<br>11th JUDICIAL DISTRICT COURT<br>San Juan County<br>9/10/2021 12:53 PM<br>WELDON J. NEFF<br>CLERK OF THE COURT<br>Frances Slavey |

**GAVIN MCCUTCHEN, As Personal Representative
of the Estate of TIERRA BRUCE,**

    *Plaintiff,*

v.                                                      Case No. D-1116-CV-2021-00962

**REDBURN TIRE COMPANY.**

    *Defendant.*

## DEMAND FOR SIX-PERSON JURY

**COMES NOW** Plaintiff, by and through counsel of record, J. Corey Stackhouse of BURNS LAW GROUP P.C., and hereby demands trial by jury of six (6) persons and submits a fee in the amount of $150.00 to the Clerk of the Court.

                                                         BURNS LAW GROUP

                                                         */s/ J. Corey Stackhouse*
                                                         J. COREY STACKHOUSE
                                                         Attorney for Plaintiff
                                                         100 W. Apache Street
                                                         Farmington, New Mexico 87401
                                                         (505) 516-1529/ (505) 672-7764 fax

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
11/11/2021 8:15 AM
WELDON J. NEFF
CLERK OF THE COURT
Devona Badonie

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT COURT

**GAVIN BRUCE, As Personal Representative of the Estate of TIERRA BRUCE,**

    *Plaintiff,*

v.                                                    Case No. D-1116-CV-2021-00962

**REDBURN TIRE COMPANY.**

    *Defendant.*

## ACCEPTANCE OF SERVICE

    **COMES NOW** Defendant, Redburn Tire Company, by and through counsel, Gregory L. Biehler, and hereby accepts service of the Summons, Notice of Appeal and Complaint for Negligent Supervision, Wrongful Death, Wrongful Termination and Violation of Civil Rights, along with the Demand for Six-Person Jury in the above-captioned matter, on the 11th day of November, 2021.

LEWIS BRISBOIS

_/s/ Gregory L. Biehler_
GREGORY L. BIEHLER
Attorney for Defendant
8801 Horizon Blvd. NE, Ste. 300
Albuquerque, NM 87113
T: 505-828-3600 / F: 505-545-8300

EXHIBIT A

```
                                                                    FILED
                                                        11th JUDICIAL DISTRICT COURT
                                                              San Juan County
STATE OF NEW MEXICO                                          11/10/2021 2:19 PM
COUNTY OF SAN JUAN                                             WELDON J. NEFF
ELEVENTH JUDICIAL DISTRICT COURT                             CLERK OF THE COURT
                                                                Charlene Henry
```

GAVIN BRUCE, As Personal Representative
of the Estate of Tierra Bruce,

        Plaintiff,

v.                                                          Case No. D-1116-CV-2021-00962

REDBURN TIRE COMPA

        Defendant

## ENTRY OF APPEARANCE

The law firm of LEWIS BRISBOIS BISGAARD & SMITH, LLP (by Gregory L. Biehler, and Jessica Marshall), hereby enters its appearance in the above-entitled and numbered cause of action as counsel on behalf of Redburn Tire Company.

        Respectfully submitted,

        LEWIS BRISBOIS BISGAARD & SMITH LLP

        By:  */s/Gregory L. Biehler*
              Gregory L. Biehler
              Jessica Marshall
              *Attorneys for Redburn Tire Company*
              8801 Horizon Blvd. NE, Suite 300
              Albuquerque, New Mexico 87113
              Phone: (505) 828-3600
              greg.biehler@lewisbrisbois.com
              jessica.marshall@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2021, the foregoing was filed through electronically mail, and served via electronic mail on the parties and/or counsel of record:

*Gregory L. Biehler*
Gregory L. Biehler

1

EXHIBIT A